[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED NOVEMBER 26, 1996
This is the second effort to evict the defendant from the plaintiffs premises. The first case, NO. SPN 9609-24973-NB, was dismissed by agreement when the plaintiff agreed that she had neglected to include a reason for eviction in her notice to quit. The dismissal occurred on October 9, 1996. On October 11, 1996, the notice to quit underlying the instant case was served: it claimed nonpayment of rent for October. The defendant claims that the instant case must be dismissed as well on the reasoning that there was no lease in effect until no sooner than October 9; and if that is so, the application of the statutory grace period would extend until at least October 18, 1996. The notice to quit was, according to the defendant, premature and invalid.
The court disagrees. The notice to quit in the first case, because it did not contain a statutorily adequate reason for termination of the lease, was void. Compare, e.g., Pichler v. Childs, H-3, No. HSP-HD-7901-0289 (Housing Session 1979) (Spada, J.); Kupper v.Mahan, H-25, No. SP-N-7903-214 NB (Housing Session 1979) (B. O'Neill, J.). When a prior notice to quit is void, a subsequent case can proceed as if there had not been a prior notice to quit. Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574,584 (1988). It is the defendant who moved to dismiss the prior notice to quit on the ground that it could not provide subject matter jurisdiction: having succeeded, she cannot now claim that the voided notice to quit terminated the lease and the obligation to pay rent. CT Page 10200
The authority cited by the defendant does not help her cause. To the extent Housing Authority of EastHartford v. Hird, 13 Conn. App. 150 (1988), is germane, it favors the plaintiff. I find the case of Intertown RealtyCo. v. Reddick, SPN-9011-58167, H-935, to be inapposite.
The motion to dismiss is denied.
BEACH, J.